```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

| | | |
|---|---|---|
| ISAAC SOJOURNER, | : | HABEAS CORPUS |
| 1255424, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2048-TWT-ECS |
| UNNAMED RESPONDENT, | : | |
|     Respondent. | : | |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the

District Court and any appellate review of factual findings will be limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 26th day of June, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ISAAC SOJOURNER, | : | HABEAS CORPUS |
| 1255424, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2048-TWT-ECS |
| UNNAMED RESPONDENT, | : | |
|     Respondent. | : | |

**FINAL REPORT AND RECOMMENDATION**

On April 25, 2013, the undersigned entered a Final Report and Recommendation that found and recommended as follows:

> Isaac Sojourner has filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2241, indicating that he is once again in pre-trial detention in a county jail. See [Doc. No. 1]. Mr. Sojourner has filed other cases pro se in this Court, including a § 2241 petition during a prior period of pre-trial detention, see Sojourner v. Reed, No. 1:09-CV-597-TWT (N.D. Ga. Mar. 5, 2009), and an employment discrimination lawsuit, see Sojourner v. Cherry, No. 1:09-CV-3460-TWT (N.D. Ga. Dec. 4, 2009). Thus, Mr. Sojourner is well-familiar with the threshold requirement in federal court that he either pay the applicable filing fee – as he did in the Reed case – or that he apply for and be granted permission to proceed in forma pauperis ("IFP") - as he did in the Cherry case.
>
> Because Mr. Sojourner has neither paid the $5 filing fee for this case nor submitted an application for permission to proceed IFP, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.
>
> The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Mr. Sojourner does not meet the requirements for the

> issuance of a certificate.  See Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks and citation omitted); see also 28 U.S.C. § 2253(c)(2).
>
> In the event that Mr. Sojourner elects to re-file his § 2241 petition, together with payment of the filing fee or an application for permission to proceed IFP, he is reminded, as he was in the Reed case, that he should (1) first exhaust all available state remedies and (2) address in his petition the reasons he contends this Court should not abstain, pursuant to Younger v. Harris, 401 U.S. 37, 43 (1971), from reviewing that petition.  See Reed [Doc. No. 2 therein].

Sojourner v. Cnty. Dist. Att'y, No. 1:13-CV-1165-TWT (N.D. Ga. Apr. 9, 2013) [Doc. No. 2 therein].  Mr. Sojourner did not object, and his case was dismissed.

Mr. Sojourner has now filed a letter "To: The Judges' Review Board" that he has copied to the trial court judge in Clayton County, this Court, the Georgia Supreme Court, the "GA. Judges' Review Board," the "GA. Justice Project," and a private attorney. [Doc. No. 1 at 9].  Once again, Mr. Sojourner complains about how pretrial proceedings in his pending criminal case are being handled, including a recent decision by the trial judge to hold in

2

abeyance a ruling on Mr. Sojourner's request to represent himself, and he demands that the case against him be dismissed. See [id. at passim].  Once again, Mr. Sojourner had not paid a filing fee or requested permission to proceed in forma pauperis.

For the reasons set forth in the April 25, 2013 Final Report and Recommendation, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE** and further **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

In addition, the undersigned reminds Mr. Sojourner of the prerequisites to re-filing set forth in the April 25, 2013 Final Report and Recommendation.

The Clerk is **DIRECTED** to designate this case as one brought pursuant to 28 U.S.C. § 2241.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 26th day of June, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3